**FILED**
JEANNE A. NAUGHTON, CLERK
**AUG. 24, 2020**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: *Zelda Haywood*
DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**AMERICA'S INSURANCE CENTER, INC.,**<br><br>Debtor. | Case No.: 16-26161-JKS<br>Chapter 7<br>Hon. John K. Sherwood, U.S.B.J. |

### DECISION AND ORDER REGARDING MOTION OF NAGEL RICE, LLP SEEKING TO LIFT STAY AS TO NON-DEBTOR

The relief set forth on the following pages, numbered three (3) through thirteen (13), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: August 24, 2020

Page 2
Case:           In Re: America's Insurance Company
Case No.:       16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

## **APPEARANCES**

**NAGEL RICE, LLP**
Bradley Rice, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
*Pro Se Creditor*

**NORRIS MCLAUGHLIN, P.A.**
Morris S. Bauer, Esq.
400 Crossing Blvd., 8th Floor
PO Box 5933
Bridgewater, NJ 08807
*Counsel for Szerlip & Co., Inc.*

**RABINOWITZ, LUBETKIN & TULLY, LLC**
Jonathan Rabinowitz, Esq.
293 Eisenhower Parkway
Livingston, New Jersey 07039
*Counsel for the Chapter 7 Trustee*

**McMANIMON SCOTLAND & BAUMANN**
Richard D. Trenk, Esq.
75 Livingston Avenue
Roseland, New Jersey 07068
*Counsel for Marc Levy and MBL Benefits Consulting Corp.*

Case:         In Re: America's Insurance Company
Case No.:     16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

# INTRODUCTION

In this matter, the Court must decide whether a settlement of a fraudulent conveyance claim by a chapter 7 trustee forecloses a creditor's right to bring a derivative claim against a third party for aiding and abetting the settled claim. The target of the aiding and abetting claim is Szerlip & Co., Inc. ("Szerlip"). Szerlip contends that it was an agent and/or partner of American Insurance Center, Inc. (the "Debtor") and its principal, Marc Levy ("Mr. Levy"), who were released under the settlement and thus Szerlip is protected by the settlement. Creditor Nagel Rice LLP ("Nagel Rice") asserts that despite the settlement in this case, it may pursue Szerlip in state court because the aiding and abetting claim against Szerlip was not released.

For the reasons set forth below, the Court finds that Szerlip was not an agent or partner under the agreement with the Debtor and Mr. Levy. But, Nagel Rice's motion for stay relief will be denied, as the chapter 7 trustee's settlement in this case does not constitute an abandonment and the aiding and abetting claim is a derivative claim that is still property of the Debtor's estate.

# FACTS AND PROCEDURAL HISTORY

1. On August 23, 2016, the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code.[1] John Sywilok was appointed as chapter 7 trustee (the "Trustee").

2. On July 24, 2014, Nagel Rice obtained a judgment against Debtor in the amount of $152,632.16.[2]

3. On June 1, 2012, the Debtor and Szerlip entered into a Joint Venture Agreement (the "JVA"). Under the JVA, Szerlip serviced the Debtor's insurance accounts and remitted a portion of the

---

[1] ECF No. 1.
[2] Claim 1-1.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
                                Document      Page 4 of 13

Page 4
Case:            In Re: America's Insurance Company
Case No.:        16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

commissions received on the accounts to the Debtor. Paragraph 9 of the agreement states, "[i]t is understood and agreed that neither AIC nor Szerlip shall be deemed or construed to be partner of the other, and nothing contained herein shall be construed to create the relationship of partnership between Szerlip and AIC. Neither party to this Agreement has any authority to employ any person or contract any debts or obligations on behalf of the other. Neither party may . . . commit the other party to liability for any claims . . . without first receiving advanced, written authorization from such other party."[3]

4. On April 17, 2015, the Debtor assigned its interest under JVA to Mr. Levy in satisfaction of a judgment Mr. Levy had obtained against the Debtor.[4] Following this assignment, Szerlip remitted commissions received from servicing the accounts to Mr. Levy. Nagel Rice argues that before the formal assignment occurred, it took steps to prevent it by filing suit against the Debtor and Szerlip. The state court entered a temporary restraining order against the Debtor and Szerlip, but eventually the action was dismissed.[5] Thus, Nagel Rice contends that Szerlip had full knowledge of its concerns as a creditor of the Debtor before the assignment was executed but recognized the validity of the assignment anyway. On September 22, 2015, Nagel Rice filed another lawsuit against Debtor, Szerlip and other parties including MBL Benefits Consulting Corp., Mr. Levy, Michael J. Feldman, and Olender Feldman LLP seeking to avoid the transfer between the Debtor and Levy under New Jersey law.[6] This third lawsuit did not include a specific claim against Szerlip for aiding and abetting a fraudulent transfer. Instead, Szerlip was named a party so that Nagel Rice could obtain an order enjoining the parties from

---

[3] ECF No. 117, Ex. A at ¶ 9.
[4] ECF No. 117, Ex. B.
[5] *See* ECF No. 114-2, Ex.1 at ¶¶ 8-10.
[6] ECF No.114-2, Ex. 1.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
Document    Page 5 of 13

Page 5
Case:            In Re: America's Insurance Company
Case No.:        16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

altering the JVA and requiring Szerlip to produce an accounting of the monies paid to others under the JVA. That action was stayed by the filing of this bankruptcy and by Order of the Superior Court.[7]

5. On January 10, 2017, Nagel Rice filed a motion seeking dismissal of this case as a bad faith filing, a declaration that certain non-debtors are not protected by the automatic stay, or, if stay relief was not granted, appointing Nagel Rice as special counsel to the Debtor. The motion also sought to compel Szerlip and others to comply with Rule 2004 subpoenas.[8] On April 27, 2017, the Court granted some of the discovery requested by Nagel Rice and denied the rest of the requests for relief.[9]

6. On July 14, 2017, Nagel Rice filed another motion seeking the Trustee to appoint it as special counsel in this matter.[10] That motion was denied on August 17, 2017.[11]

7. On November 13, 2017, the Trustee, Levy, MBL Benefits Consulting Corp. and Olender Feldman LLP agreed to a settlement regarding the fraudulent transfer conveyance claim.[12] Nagel Rice was not a party to the negotiations or settlement.

8. On December 11, 2017, the Trustee filed a motion to approve the proposed $100,000 settlement with Levy, MBL Benefits Consulting Corp. and Olender Feldman.[13] On January 31, 2018, Nagel Rice objected to the Trustee's proposed settlement.[14] Lengthy settlement negotiations followed.

---

[7] ECF No.114-2, Ex. 5.
[8] ECF No. 15-1.
[9] ECF No. 37.
[10] ECF No. 42.
[11] ECF No. 47.
[12] ECF No. 51-3 at ¶ 37.
[13] ECF No. 51.
[14] ECF No. 59.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
                              Document      Page 6 of 13
Page 6
Case:           In Re: America's Insurance Company
Case No.:       16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

9. On August 22, 2018, the Trustee filed an adversary proceeding against Mr. Levy, MBL Benefits Consulting Corp. and Olender Feldman LLP. The complaint was filed "under seal." Generally, it alleged that the assignment of the JVA by the Debtor to Mr. Levy was a fraudulent transfer. Szerlip was not a named defendant in the Trustee's adversary complaint.[15]

10. On April 1, 2019, the Trustee filed a supplemental certification in support of the settlement.[16] The Trustee indicated that the amount owed by Levy under the settlement was increased from $100,000 to $120,000. Additionally, the Trustee and his retained professionals agreed to a $47,500 cap on their fees so long as there was no more litigation over the fraudulent conveyance claim. The reduced fees would allow for Nagel Rice to receive a larger distribution on its claim in this case and incentivize Nagel Rice to accept the settlement and end the litigation. The Trustee argued that the proposed settlement would "allow for the payment of administrative claims, allowance of other claims[,] avoiding further litigation expense and delay as well as a meaningful distribution to the Debtor's remaining creditors, Olender [Feldman] and Nagel Rice."[17] On May 1, 2019, Nagel Rice submitted an objection to the settlement and cross-moved again to be named special counsel to pursue the pending adversary proceeding.[18] On May 16, 2019, the Court approved the settlement over Nagel Rice's objections.[19]

11. The Settlement Agreement contained a release provision which states, "…the Parties hereto on their own behalf and on behalf of any past, present and future, parent, subsidiaries, affiliates,

---

[15] Case No. 18-01449 (JKS).
[16] ECF No. 73. The Trustee attached the amended settlement agreement at ECF No. 73-1, Ex. A (the "Settlement Agreement").
[17] *Id*. at ¶ 52.
[18] ECF No. 81.
[19] ECF No. 86.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
                                Document    Page 7 of 13

Page 7
Case:           In Re: America's Insurance Company
Case No.:       16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

directors, officers, shareholders, members, partners, insurers, agents, attorneys and employees and their respective successors or assigns . . . ."[20] In the Settlement Agreement, the term "Parties" is limited to the Trustee, Mr. Levy, MBL Benefits Consulting Corp. and Olender Feldman LLP.[21] Szerlip is not a party to the Settlement Agreement nor is Szerlip named as a released party.

12. On May 29, 2019, Nagel filed an appeal of the Court's order approving the Settlement Agreement.[22]

13. On February 18, 2020, the District Court affirmed the Court's order approving the Settlement Agreement.[23] Nagel Rice filed a notice of appeal on March 6, 2020, in the United States Court of Appeals, Third Circuit, appealing the District Court's order.[24]

14. On May 11, 2020, Nagel Rice filed the motion now before the Court seeking to lift the automatic stay as it applies to the non-debtor Szerlip.[25] It is Nagel Rice's position that there is cause to lift the automatic stay and that the claim it seeks to assert against Szerlip is not a derivative claim of the Debtor's estate. Generally, the claim of Nagel Rice is that by allowing and recognizing the assignment of the JVA interest by the Debtor to Mr. Levy, at a time that Nagel Rice was opposed to such a transfer because it was a creditor of the Debtor, Szerlip aided and abetted a fraudulent conveyance. On June 16, 2020, Szerlip filed its opposition.[26] Szerlip argues that Nagel Rice should not have relief from the automatic stay because (a) the claim Nagel Rice seeks to assert against Szerlip is property of the Debtor's estate, (b) the claim

---

[20] ECF No. 73-1, Ex. A at ¶ 2.
[21] *Id*. at 1.
[22] ECF No. 88.
[23] ECF No. 104.
[24] ECF No. 107.
[25] ECF No. 114.
[26] ECF No. 117.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
Document    Page 8 of 13

Page 8
Case:                In Re: America's Insurance Company
Case No.:            16-26161-JKS
Caption of Order:    Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

asserted by Nagel Rice is meritless, (c) continued litigation over this matter will only interfere with the administration of the Debtor's estate, and (d) all claims against it were released under the Settlement Agreement because Szerlip was either a partner or agent of the Debtor and Mr. Levy under the JVA.

## ANALYSIS

In order to determine whether relief from the automatic stay is warranted in this case, the Court must consider (1) whether Szerlip was an agent or partner of the Debtor (and Mr. Levy) under the JVA that was released under the settlement and, if not, (2) whether Nagel Rice should be granted leave to assert the aiding and abetting a fraudulent conveyance claim against Szerlip that the Trustee has not brought.

### I.  Szerlip Was Not An Agent Or Partner Under The JVA.

Szerlip argues that it was either a partner or agent of the Debtor and Mr. Levy under the JVA. In New Jersey, "[a]n agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent."[27] An agent must have actual or apparent authority in order to bind the principal. Actual authority exists where the "principal expressly or implicitly gives an agent" the power to enter or act on its behalf and is determined by the dealings between the agent and principal.[28] Apparent authority exists "where the principal causes persons with whom the agent deals to reasonably believe that the agent has

---

[27] *Sears Mortg. Corp. v. Rose*, 134 N.J. 326, 337 (1993) (citing *Arcell v. Ashland Chem. Co.*, 152 N.J. Super. 471, 494-95 (Law Div. 1997)).
[28] *Automated Salvage Transport, Inc. v. NV Koninklijke KNP BT*, 106 F.Supp. 2d 606, 617 (D.N.J. 1999).

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
Document    Page 9 of 13

Page 9
Case:              In Re: America's Insurance Company
Case No.:          16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

authority."[29] Courts look to the conduct of the parties to determine whether a principal-agent relationship exists.[30]

A partnership is formed in New Jersey when two or more individuals associate "to carry on as co-owners a business for profit . . . ."[31] "A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment . . . for services as an independent contractor . . . ."[32]

In this case, Szerlip's claim to be a partner and/or agent of the Debtor and Mr. Levy under the JVA is contradicted by the clear terms of the document:

> Each party to [the JVA] is an independent contractor with respect to the other. It is understood and agreed that neither [the Debtor] nor Szerlip shall be deemed or construed to be a partner of the other, and nothing contained herein shall be construed to create the relationship of partnership between Szerlip and [the Debtor]. Neither party to this agreement has any authority to employ any person or contract any debts or obligations on behalf of the other. Neither party may, in any manner whatsoever, commit the other to liability for any claims, of any kind or nature whatsoever without first receiving advance, written authorization from such other party. In the even one party ("Indemnitor") causes the other to incur liability without first receiving authorization therefor, the Indemnitor shall indemnify the other party with respect to any loss incurred by the other party.[33]

The language of the JVA is the most compelling evidence before the Court. Szerlip was not an express agent under the JVA. And, there is no evidence to support a finding that Szerlip had the implied authority to bind the other party to the JVA. Without such evidence, the Court cannot find that Szerlip was an agent under the JVA.

---

[29] *Id.* at 618.
[30] *See Sears Mortg. Corp.*, 134 N.J. at 338.
[31] N.J.S.A. 42:1A-10.
[32] *Id.*
[33] ECF No. 117-1, Ex. A at ¶ 9.

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
Document    Page 10 of 13

Page 10
Case:          In Re: America's Insurance Company
Case No.:      16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

Similarly, the Court cannot find that Szerlip was a partner under the JVA. The parties entered into the agreement with the stated intent of remaining "independent contractors" and "[i]t [was] understood and agreed that neither AIC nor Szerlip shall be deemed or construed to be partner of the other, and nothing contained herein shall be construed to create the relationship of partnership between Szerlip and AIC."

Therefore, the claims against Szerlip were not released under the Settlement Agreement by the operative language releasing ". . . the Parties hereto on their own behalf and on behalf of any past, present and future, parent, subsidiaries, affiliates, directors, officers, shareholders, members, *partners*, insurers, *agents*, attorneys and employees and their respective successors or assigns . . . ."[34]  (emphasis added)

## II. The Aiding And Abetting Claim Against Szerlip Is A Derivative Claim That Can Only Be Brought By The Chapter 7 Trustee Unless The Claim Is Abandoned Or The Trustee Authorizes Nagel Rice To Pursue The Claim Independently.

Nagel Rice's claim for aiding and abetting a fraudulent conveyance against Szerlip is a derivative claim that, with limited exception, can only be brought by the Trustee. Derivative claims in the bankruptcy context are defined as "those that arise from harm done to the estate and that seek relief against third parties that pushed the debtor into bankruptcy."[35] Claims are considered non-derivative when they constitute independent and particularized claims, belonging only to the plaintiffs as individual creditors. While non-derivative claims are personal to the individual creditor, a derivative claim that could be brought by any of the debtor's creditors is the property of the estate. Any recovery on account of a derivative claim goes directly to the debtor's

---

[34] ECF No. 73-1, Ex. A at ¶ 2.
[35] See *In re W.R. Grace & Co.,* 607 B.R. 419, 430 (Bankr. D. Del. 2019) (quoting *In re Tronox, Inc.*, 855 F. 3d 84, 100 (2d Cir. 2017).

Case:	In Re: America's Insurance Company
Case No.:	16-26161-JKS
Caption of Order:	Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

estate to benefit all creditors, while any recovery on account of a non-derivative claim goes directly to the claimant.[36] Here, it is easy to conclude that the alleged aiding and abetting claim against Szerlip is derivative. The actual fraudulent conveyance claim based on the transfer of the JVA from the Debtor to Mr. Levy was certainly derivative. How can a claim for aiding and abetting that same transfer be anything but derivative?

Where "a cause of action belongs to the estate, a creditor may bring such an action *only if* the Trustee abandons it or otherwise allows the creditors to pursue it independently." It follows that "[b]ecause the trustee acts for the benefit of the estate as a whole, claimants may be prohibited from pursuing such actions and are bound by the outcome of the trustee's actions."[37] This Court's review of the opinion in *In re Salander* (cited in footnote 37 above) leads it to conclude that a creditor cannot litigate claims in state court that were settled by the trustee or claims that remain property of the estate. Also, an individual creditor can pursue a cause of action on behalf of the estate only with the trustee's consent or with permission from the bankruptcy court. At present, any aiding and abetting claim against Szerlip remains property of the estate because the Trustee has not abandoned it. This is so even though the Trustee has not formally asserted such a claim against Szerlip. There are some good reasons why the Trustee has not acted against Szerlip under the circumstances here, including – (1) the fact that the underlying fraudulent conveyance claim against Mr. Levy has been settled; (2) the disruptive impact that a claim against Szerlip would have had in the negotiations with Mr. Levy and on the future administration of the estate if the Trustee now decides to sue Szerlip; (3) since the orders approving the Settlement Agreement are

---

[36] See *W.R. Grace*, 607 B.R. at 430-32.
[37] *In re Salander*, 472 B.R. 213, 217 (Bankr. S.D.N.Y. 2013) (quoting *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 437 (S.D.N.Y. 1993) (emphasis in original).

Case:            In Re: America's Insurance Company
Case No.:        16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

on appeal, the Trustee might want to preserve the estate's claim against Szerlip if the decisions of the lower courts are reversed; and (4) he may believe that he has settled the claim against Szerlip even though Szerlip was not a party to the Settlement Agreement. The Trustee, as the caretaker for the estate's derivative claims, can bring them or not bring them in his reasonable discretion. The remedy for a creditor who wants to bring a derivative action on its own behalf that a trustee has not settled or brought on the estate's behalf is to compel abandonment under § 554(b) of the Bankruptcy Code. Such a request is not technically before the Court but, if it was, it would probably be denied for the reasons set forth above. Also, the Court found that the Settlement Agreement was a reasonable exercise of the Trustee's discretion and in the best interests of the Debtor's creditors, including Nagel Rice. By appealing the orders of this Court and the District Court approving the settlement, Nagel Rice has expressed its disagreement. This motion is a creative attempt by Nagel Rice to continue litigation over the conveyance of the Debtor's rights under the JVA to Mr. Levy despite the Settlement Agreement. Even though the Trustee would not be a party to the contemplated state court claim against Szerlip, it is certainly conceivable that the Trustee could be a party to litigation or motion practice in this Court from Mr. Levy and Szerlip if Nagel Rice can sue Szerlip in state court.

By letter dated August 5, 2020 (Doc. 123), Nagel Rice called to the Court's attention a recent Third Circuit decision, *Artesanias Hacienda Real S.A. DE C.V. v. North Mill Capital, LLC (In re Wilton Amretale, Inc.),* No. 19-2907 (3d Cir. Aug. 4, 2020) ("*Wilton")*. The decision in *Wilton* is obviously important, but it supports this Court's conclusions set forth above. The Third Circuit held that once a trustee abandons a derivative claim, the creditor's right to pursue it "springs back to life." The Court also noted that a trustee's act of abandonment had to be "overt" as opposed

Case 16-26161-JKS    Doc 124    Filed 08/24/20    Entered 08/26/20 07:48:30    Desc Main
Document    Page 13 of 13

Page 13
Case:           In Re: America's Insurance Company
Case No.:       16-26161-JKS
Caption of Order: Decision and Order Regarding Motion of Nagel Rice, LLP Seeking to Lift Stay as to Non-Debtor

to "ambiguous."[38] In *Wilton,* there was no doubt that the claim in question had been formally abandoned by the trustee– there was an order of the Court. Here, there has been no overt act by the Trustee suggesting that he intended to abandon any derivative claims against Szerlip. The fact that the Trustee has not taken formal action against Szerlip to date does not, as Nagel Rice suggests, mean that he intends to formally abandon the estate's rights under § 554 of the Bankruptcy Code.

To summarize, because the aiding and abetting claim contemplated by Nagel Rice against Szerlip is a derivative claim, which the Trustee did not abandon, no grounds exist to grant Nagel Rice stay relief to pursue this claim.

## **CONCLUSION**

For the reasons set forth above, Nagel Rice's motion for stay relief as to Szerlip is denied.

---

[38] *Id*. at 17.